PHILLIP A. TALBERT
United States Attorney
JEREMY J. KELLEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

SEP 12 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

v.

EMMA CARTER-ALEXANDER,

   Defendant.

CASE NO. 17CR 146 JAM

PLEA AGREEMENT

I. **INTRODUCTION**

A. **Scope of Agreement.**

The Information in this case charges the defendant with converting public money to her own use, in violation of 18 U.S.C. § 641. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B. **Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in

PLEA AGREEMENT                                    1

the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea.

The defendant will plead guilty to the sole count in the Information, conversion of public money in violation of 18 U.S.C. § 641. The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that she will not be allowed to withdraw her plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by her in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

1. Waiver of Indictment:

The defendant acknowledges that under the United States Constitution she is entitled to be indicted by a grand jury on the charges to which she is pleading guilty and that pursuant to Fed.R.Crim.P. 7(b) she agrees to waive any and all rights she has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, she will sign a written waiver of prosecution by Indictment and consent to proceed by

Information rather than by Indictment.

2.   Remand.

The defendant acknowledges that she may be remanded into custody upon the entry of her plea unless, pursuant to 18 U.S.C. § 3143(a)(1), the Court finds by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community. The United States does not oppose the defendant remaining out of custody until the date of her judgment and sentencing provided she does not violate any federal, state, or local laws and remains in compliance with any and all terms and conditions of her pretrial release set by the Court.

**B.   Restitution.**

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The defendant agrees the conduct to which she is pleading guilty requires mandatory restitution pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and agrees to pay restitution to the United States in an amount of $298,168.20. The defendant understands that this agreement does not relieve the defendant from any legal obligation to pay additional amounts due and owing to the Social Security Administration. The defendant also understands that the factual basis of this plea agreement binds only the United States Attorney's Office for the Eastern District of California in this criminal case, and does not bind any agency of the United States in any other judicial, administrative, or other proceeding.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court. Defendant further agrees that she will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C.   Fine.**

The defendant reserves the right to argue to Probation and at sentencing that she is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is her burden to affirmatively prove that she is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

D.  **Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if she fails to pay the assessment prior to that hearing.

E.  **Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### F.    Asset Disclosure.

The defendant agrees to make a full and complete disclosure of her assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if she fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, she will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

### III.    THE GOVERNMENT'S OBLIGATIONS

### A.    Dismissals/Other Charges.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack).

B.  **Recommendations.**

   1.  Incarceration Range.

The government will recommend that the defendant be sentenced to no more than the low end of the applicable guideline range as determined by the Court.

   2.  Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of her offense level if the defendant clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

C.  **Government's Duty to the Court.**

Notwithstanding anything in this agreement, the defendant understands and agrees that the government has a duty of candor to the Court and to the Probation Officer. Such duty includes the obligation to provide full and accurate information upon request. *United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006) ("[A] plea agreement does not bar the government from honestly answering the district court's questions. To the contrary, honest response of the government to direct judicial inquiry is a prosecutor's professional obligation that cannot be barred, eroded, or impaired by a plea agreement."). The government also has an affirmative duty to correct the record in the event factual inaccuracies or partial truths come before the Court. *United States v. Block*, 660 F.3d 1086, 1090–92 (5th Cir. 1981). Accordingly, the government is free to provide full, accurate information to the Court and Probation, including answering any inquiries made by the court and/or Probation and rebutting any inaccurate statements or arguments by the defendant or his attorney or by Probation or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

IV.  **ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following

elements of the offense(s) to which the defendant is pleading guilty, conversion of public money in violation of 18 U.S.C. § 641:

First, the defendant knowingly converted to her own use or to the use of another money or property with the intention of depriving the owner of the use or benefit of the money or property;

Second, the money or property belonged to the United States; and

Third, the value of the money or property was more than $1,000.

The defendant fully understands the nature and elements of the crime charged in the Information to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum Penalty.

The maximum sentence that the Court can impose is ten years of incarceration, a fine of $250,000.00, a three-year period of supervised release and a special assessment of $100. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count(s) to which she is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.   Violations of Supervised Release.

The defendant understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years' imprisonment.

## VI.   SENTENCING DETERMINATION

### A.   Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The

defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.     Estimated Guideline Calculation.**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

1. Base Offense Level:           6 [U.S.S.G. §2B1.1(a)(2)]
2. Loss Amount of $298,168.20:   +12 [§2B1.1(b)(1)(G)]
3. Adjusted Offense Level:       **18**
4. Acceptance of Responsibility: See paragraph III.B.2 above
5. Criminal History: The parties estimate, but do not stipulate, that the defendant's criminal history category will be I.
6. Sentencing Range:             18–24 months

(The defendant understands that if the criminal history category differs from the parties' estimate, her Guidelines sentencing range may differ from that set forth here.)

The defendant is free to recommend to the Court whatever sentence she believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence provided it is no more than the low-end of the guidelines range as calculated by the Court.

## VII.     WAIVERS

**A.     Waiver of Constitutional Rights.**

The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself.

B.  **Waiver of Appeal and Collateral Attack.**

The defendant understands that the law gives the defendant a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offenses to which she is pleading guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or modify or set aside her sentence on the count to which she is pleading guilty, the government shall have the rights set forth in Section II.E herein.

C.  **Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

D.  **Impact of Plea on Defendant's Immigration Status.**

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The

PLEA AGREEMENT                                9

defendant and her counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 9/5/17

ROBERT SARIA
Attorney for Defendant

### B.   Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea

agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 9/05/2017

EMMA CARTER-ALEXANDER
Defendant

C.  **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 9/5/2017

PHILLIP A. TALBERT
United States Attorney

JEREMY J. KELLEY
Assistant United States Attorney

PLEA AGREEMENT           11

EXHIBIT "A"

Factual Basis for Plea(s)

In 1986, Dorothy Griffin began to receive Social Security benefits. In April 1991, EMMA CARTER-ALEXANDER, Griffin's daughter, was approved by the Social Security Administration to serve as Griffin's Representative Payee. As a Representative Payee, CARTER-ALEXANDER was required to submit yearly reports documenting how the money paid for these benefits was used to support Griffin's well-being. Griffin's Social Security benefit payments were deposited into a Wells Fargo account controlled by CARTER-ALEXANDER. These benefits payments consisted of money that belonged to the Social Security Administration, an agency of the United States.

Griffin died on July 22, 1993. Following Griffin's death, CARTER-ALEXANDER continued to receive Griffin's benefits into the Wells Fargo bank account she controlled. CARTER-ALEXANDER also continued to file yearly Representative Payee Reports in which she falsely claimed to use the benefits to support Griffin. Rather than spending the money paid through Griffin's benefits on Griffin's support, however, CARTER-ALEXANDER converted the money to her own use and to the use of others. For example, CARTER-ALEXANDER would use the money paid for Griffin's Social Security benefits to make monthly payments on her American Express credit card account. CARTER-ALEXANDER used the money with the intent to deprive the Social Security Administration and the United States of the use or benefit of the money. Between July 1993 and January 2017, CARTER-ALEXANDER converted $298,168.20 of money paid for Griffin's Social Security benefits and belonging to the United States to her own use or to the use of others, knowing she was not entitled to this money and that doing so would prevent the United States from using or benefitting from this money.

I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct and personal knowledge is concerned, I adopt it as my own true statement.

DATED: 8-17-2017

_____
EMMA CARTER-ALEXANDER, Defendant