PHILLIP A. TALBERT
United States Attorney
JEREMY J. KELLEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00146-JAM |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | DATE: December 12, 2017 |
| EMMA CARTER-ALEXANDER, | TIME: 9:15 a.m. |
| Defendant. | COURT: Hon. John A. Mendez |

The United States submits the following sentencing memorandum for the judgment and sentencing of defendant Emma Carter-Alexander on December 12, 2017. The government recommends that the Court follow the sentencing recommendation of the U.S. Probation Officer as articulated in the Presentence Investigation Report ("PSR").

## I.   BACKGROUND

Carter-Alexander waived her right to indictment and entered a guilty plea to the single count in an Information charging her with conversion of public money, in violation of 18 U.S.C. § 641. ECF Nos. 1, 5, 8. Pursuant to the plea agreement, Carter-Alexander agreed to pay restitution to the Social Security Administration in the amount of $298,168.20. ECF No. 8 at 3. Under the agreement, Carter-Alexander is free to argue for any sentence she thinks is appropriate under 18 U.S.C. § 3553(a), while the government is obliged to recommend a sentence no higher than the low end of the applicable guidelines range as determined by the Court. *Id.* at 6, 8.

## II. SENTENCING CALCULATION

A. <u>Statutory minimum/maximum sentence.</u>

The maximum sentence for a violation of 18 U.S.C. § 641 is ten years' imprisonment, a fine of $250,000 and a three years of supervised release. There is no statutory minimum for this violation.

B. <u>Sentencing Guidelines Calculation.</u>

The Probation Officer found the base offense level to be six under U.S.S.G. § 2B1.1(a)(2). PSR ¶ 13. The Officer also found that based upon the loss amount in this case, $298,168.20, twelve additional levels are added under the loss table, U.S.S.G. §2B1.1(b)(1)(G). *Id.* ¶ 14. The Officer also found a three level reduction was warranted for Carter-Alexander's acceptance of responsibility under U.S.S.G. §3E1.1. *Id.* ¶¶ 20–21. No other specific offense characteristics or adjustments were applied. The resulting offense level is 15. *Id.* ¶ 22.

Carter-Alexander has no known criminal history. The Probation Officer therefore found Carter-Alexander's criminal history category to be I. *Id.*¶ 29.

Neither party has filed any objections to PSR's guideline calculations, either informally or formally. The calculated guidelines offense level and criminal history category are consistent with parties' non-binding, estimated guideline calculation in the plea agreement. *See* ECF No. 8 at 8. The United States submits that the PSR's guidelines calculation is correct. Carter-Alexander's offense level is 15 and her criminal history category is I resulting in a guidelines recommended incarceration range of 18 to 24 months' imprisonment.

C. <u>The Probation Officer's Recommended Sentence.</u>

The Probation Officer did not find any grounds to depart or vary from the guidelines range. PSR ¶¶ 73–78. As noted in the PSR, the Probation Officer detailed how Carter-Alexander collected her deceased mother's disability benefits checks for over twenty years and her conduct was only stopped when investigators identified her actions. *Id.* at Justification. The Probation Officer found there were no extraordinary factors that have not already been taken into account in reaching the guidelines range and therefore recommended a low-end sentence of 18 months. *Id.* Pursuant to the plea agreement, the Probation Officer also recommended Carter-Alexander pay restitution in the amount of $298,168.20. *Id.* ¶¶ 68–69.

### III. GOVERNMENT'S RECOMMENDATION

The United States asks the Court to follow the Probation Office's recommendation and impose a prison term of 18 months followed by a year of supervised release as well as restitution to the Social Security Administration in the amount of $298,168.20. This guideline sentence serves the sentencing goals of 18 U.S.C. § 3553(a). In particular, this sentence properly considers the nature and circumstances of the offense, and the history and characteristics of the defendant. Moreover, it addresses the seriousness of the offense, and the goals of promoting respect for the law and general deterrence of similar crimes.

A. <u>The nature and circumstances of the offense.</u>

Carter-Alexander was approved by the Social Security Administration to serve as her mother's Representative Payee in 1991. As a Representative Payee, Carter-Alexander was directly provided her mother's disability benefits. Carter-Alexander was accordingly required to submit yearly reports to the Social Security Administration certifying under oath that she was using the benefits for her mother's well-being.

Carter-Alexander's mother died in 1993. Nevertheless, for the next twenty-three years Carter-Alexander continued to file Representative Payee reports falsely indicating that she was using the benefits for her mother's well-being, even though her mother was deceased. On each of these forms Carter-Alexander submitted to the Social Security Administration, she signed below a declaration typed in bold font that stated: "I declare under penalty of perjury that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false or misleading statement about a material fact in this information, or cause someone else to do so, commits a crime and may be sent to prison, or may face other penalties, or both."

This conduct separates Carter-Alexander from other benefits-fraud defendants who continue to receive checks or electronic deposits in the name of a deceased beneficiary and merely fail to notify the Social Security Administration of the beneficiary's death. Rather than simply being a passive recipient of benefits, Carter-Alexander took an active step each year to falsely assert, under penalty of perjury, that the benefits were being used to help her long-deceased mother. Similarly, while Carter-Alexander

began to receive her mother's benefits in Houston, Texas, she filed a change of address for her deceased mother in 2003, ten years after her mother's death, changing her deceased mother's address in Social Security records to one in California.  At any point, Carter-Alexander could have come clean and stopped the payment of benefits to her deceased mother.  Instead, Carter-Alexander actively sought to conceal her conversion of public funds, and by doing so was able to continue her fraud for over twenty years.[1]

During its investigation, the United States obtained copies of Carter-Alexander's financial records.  A review of these records indicated that the deposit of benefits into Carter-Alexander's bank account corresponded with large payments to Carter-Alexander's American Express account.  Tracing these funds shows that Carter-Alexander converted her mother's disability benefits for her own use and enjoyment to pay for, *inter alia*, personal storage units; life insurance and annuity premiums totaling over $300 a month; what appear to be a down payment for a car in the amount of $2,336 to Vallejo Chrysler Jeep in 2015 and a monthly car payment to Ford Lincoln Fairfield beginning in 2016; monthly AOL internet service; airline tickets, car rentals, and hotel stays; dental expenses; and purchases at grocery stores, jewelry stores, department stores, restaurants, and Amazon.

B.  <u>The history and characteristics of the defendant</u>

When initially contacted by Social Security employees about her mother, Carter-Alexander at first lied, stating that her mother was very sick.  Shortly thereafter, however, Carter-Alexander admitted the truth.  Since that time, she has appeared to accept responsibility for her actions and has sought to quickly resolve the matter.  Carter-Alexander has no known criminal history and has pursued a noble career, through which the government is sure she has provided substantial benefits to society.  Certainly, Carter-Alexander has obtained positive professional reference letters, which have been attached to the PSR.  The government is not, however, aware of any particular aspects of Ms. Carter-Alexander's history or characteristics that would warrant a variance from the recommended guidelines range.

//

//

---

[1] Pursuant to the plea agreement, the government has agreed not to seek any additional charges for these yearly false statements, except if the agreement is voided.  ECF No. 8 at 5.

C. <u>An 18 month sentence reflects the seriousness of the offense, promotes respect for the law, and deterrence of criminal conduct.</u>

Carter-Alexander's conduct was serious. As articulated above, she did not engage in mere passive acceptance of undue benefits. Instead, she repeatedly made false statements under penalty of perjury to help her convert her deceased mother's benefits to her own use. She maintained the scheme for over twenty years and fraudulently converted over a quarter of a million dollars of public funds into her own possession. She then used that money for her own enjoyment and benefit. A guidelines sentence is needed to address this serious conduct.

A guidelines sentence will also encourage respect for the law and deter similar conduct. Historically, the Social Security Administration has had trouble catching this type of fraud, especially when it must rely upon the truthfulness of statements made by representative payees such as Carter-Alexander. While that should improve as the Social Security Administration implements new technology to identify fraud, an appropriate sentence in this case will serve to discourage others from engaging in similar fraud following the death of their parents, spouses, or other Social Security beneficiaries.

The seriousness of Carter-Alexander's conduct is somewhat balanced by her history and characteristics. On balance, however, a low-end guidelines sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing and § 3553(a). The government joins in the U.S. Probation recommendation that Carter-Alexander be sentenced to an 18-month term of imprisonment.

D. <u>Restitution</u>.

Restitution in this case is mandatory. 18 U.S.C. § 3663A. The parties have agreed that Carter-Alexander should repay the full amount she converted from the Social Security Administration, $298,168.20.

//
//
//
//
//

## IV.   CONCLUSION

Based upon the foregoing reasons, the government asks the Court to follow the Probation Officer's recommendation and sentence Carter-Alexander to 18 months' imprisonment to be followed by a one-year term of supervised release.

                                            Respectfully submitted,

Dated:  December 8, 2017                    PHILLIP A. TALBERT
                                                  United States Attorney

                                      By:  /s/ JEREMY J. KELLEY
                                               JEREMY J. KELLEY
                                               Assistant United States Attorney